**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 16-4524**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

STEVEN MICHAEL HAWLEY,

Defendant - Appellant.

Appeal from the United States District Court for the Northern District of West Virginia, at Elkins. John Preston Bailey, District Judge. (2:16-cr-00010-JPB-MJA-1)

Submitted: April 25, 2017                                    Decided: May 2, 2017

Before SHEDD and DUNCAN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

L. Richard Walker, Senior Litigator, Kristen Leddy, Research and Writing Specialist, Martinsburg, West Virginia, for Appellant. William J. Ihlenfeld, II, United States Attorney, Paul T. Camilletti, Assistant United States Attorney, Martinsburg, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Steven Michael Hawley pled guilty, without the benefit of a plea agreement, to possession of a firearm by a felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2) (2012). The district court imposed a sentence of 60 months' imprisonment, 14 months above the top of the Sentencing Guidelines range established by the district court, and he now appeals. On appeal, Hawley argues that the district court failed to adequately explain the sentence imposed, failed to consider all of the relevant 18 U.S.C. § 3553(a) (2012) factors, and failed to address Hawley's nonfrivolous arguments in favor of a lower sentence. We affirm.

We review the reasonableness of a sentence "under a deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41 (2007). This entails review of the procedural and substantive reasonableness of the sentence.[*] *Id.* at 51. "Procedural errors include '. . . improperly calculating[] the Guidelines range, . . . failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence—including an explanation for any deviation from the Guidelines range.'" *United States v. Carter*, 564 F.3d 325, 328 (4th Cir. 2009) (quoting *Gall*, 552 U.S. at 51). If the district court "decides that an outside-Guidelines sentence is warranted, [it] must consider the extent of the deviation

_____

[*] Hawley does not challenge the sentence's substantive reasonableness. With regard to its procedural reasonableness, Hawley does not argue that the district court erred in its calculation of the Guidelines range. Although Hawley objected to the refusal to provide a reduction to his offense level for acceptance of responsibility, he does not challenge that decision on appeal.

2

and ensure that the justification is sufficiently compelling to support the degree of the variance." *Gall*, 552 U.S. at 50. When departing from the Guidelines range, "a major departure should be supported by a more significant justification than a minor one." *Id.*

Our review of the record confirms that the district court adequately explained the sentence imposed with reference to the relevant § 3553(a) factors. In rendering its sentence, the court focused in part on Hawley's purchase of the firearms to obtain drugs and on the discovery of one firearm at a drug-related crime scene in Maryland. It may be inferred that, when an individual sells firearms illegally with the specific intent of obtaining drugs in exchange, he reasonably understands that the firearms may end up being used in connection with drug offenses. Furthermore, as the district court noted, although Hawley was not charged with firearm trafficking, he did resell the firearms he purchased. Thus, the circumstances of Hawley's crime could reasonably warrant an above-Guidelines sentence, as they reflect a more serious crime than a typical felon-in-possession case.

The district court also noted that Hawley habitually violated the terms of his release while awaiting sentencing. These repeated violations are indicative of an inability to comport his behavior with the expectations of society, and therefore reflect a greater risk of recidivism and potentially a need for greater deterrence. Finally, the district court cited one of Hawley's previous crimes, the severe attack of two individuals that left one permanently blind in one eye, as a significant reason for the upward variance. Certainly, the fact that Hawley had a lengthy criminal history, including one crime that involved brutal violence, is a reasonable factor to consider when imposing a sentence.

3

Although the court did not explicitly delineate which § 3553(a) factors it was considering, the reasons that the court provided for imposing its sentence fit within several of the factors listed in § 3553(a), including the need for deterrence, to reflect the seriousness of the crime, and to protect the public. The court's explanation was therefore sufficient for us to conclude that it considered the appropriate factors. *See United States v. Montes-Pineda*, 445 F.3d 375, 381 (4th Cir. 2006) ("The context surrounding a district court's explanation may imbue it with enough content for us to evaluate both whether the court considered the § 3553(a) factors and whether it did so properly.").

Finally, Hawley argues that the sentence is procedurally unreasonable because the district court failed to account for counsel's nonfrivolous arguments in favor of a sentence at the low end of the Guidelines range. In particular, Hawley contends that his substance abuse is a mitigating factor that the district court failed to appropriately consider. We have previously noted that "a district court's explanation should provide some indication . . . that it has also considered the potentially meritorious arguments raised by both parties about sentencing." *Montes-Pineda*, 445 F.3d at 380.

Despite the district court's failure to explicitly address Hawley's substance abuse, the record does not establish that the district court ignored that argument altogether. Hawley discussed his difficulty with substance abuse during his allocution, and counsel likewise urged a low-Guidelines sentence based, in part, on Hawley's struggle with substance abuse issues. The presentence report, which the court adopted in its entirety, discussed Hawley's substance abuse at length and its relationship to his criminal history.

4

Significantly, the court included in its recommendation to the Bureau of Prisons that Hawley be placed in a facility that provides substance abuse treatment programs. Thus, the record sufficiently establishes that the court considered Hawley's substance abuse but rejected the notion that such mitigating evidence should result in a within-Guidelines sentence. *See Montes-Pineda*, 445 F.3d at 381. We therefore conclude that the sentence is procedurally sound.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*